**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Clarence J. Moulton,<br><br>                Debtor | Chapter 7<br>Case No. 23-10115 |
| Jessica M. Bennett,<br><br>                Plaintiff<br>v.<br><br>Clarence J. Moulton,<br><br>                Defendant | Adv. Proc. No. 23-1006 |

## MEMORANDUM OF DECISION

In this adversary proceeding, Ms. Bennett seeks a determination that the debt owed to her by Mr. Moulton is excepted from his chapter 7 discharge. The debt arises from a judgment issued by the Ellsworth District Court in a small claims action that Ms. Bennett brought against Mr. Moulton prior to the petition date in his chapter 7 case. Based on the limited record before the Court and the parties' representations at the initial pretrial conference, the Court concludes that Ms. Bennett is entitled to a declaration that a portion of the debt owed to her by Mr. Moulton is nondischargeable under 11 U.S.C. § 523(a)(6).

Ms. Bennett initiated her small claims action by filing a statement of claim averring that Mr. Moulton owed her for five payments to Rent-A-Center, one cell phone payment of $110.00, and the $1,870.00 she paid for her car, a 2010 Pontiac G6. She sought a judgment in the total amount of $2,585.00 and separately requested that the Court order Mr. Moulton to return certain items of personal property. The statement of claim did not articulate any legal theory supporting

the requested relief.  After a hearing at which both parties appeared, the state court awarded Ms. Bennett a judgment in the amount of $2,585.00 plus costs of $158.30.  The court did not order the return of any property.  Copies of Ms. Bennett's statement of claim and the judgment rendered by the state court were filed as exhibits to the pleadings in this proceeding, and the parties have agreed that they are accurate.  *See* [Dkt. No. 7, 13, & 16].

Although the judgment issued by the state court does not include any factual findings, that court could not have awarded judgment to Ms. Bennett without finding that she was the owner of the Pontiac, and that Mr. Moulton wrongfully deprived her of its value.  Mr. Moulton cannot relitigate those factual questions here.  As for the precise nature of the wrong committed by Mr. Moulton vis-à-vis the car, the record is not entirely clear.  In her complaint, Ms. Bennett claims that the wrong amounts to fraud, but her description of the wrongful conduct is closer to the intentional tort of conversion.  *See* Lougee Conservancy v. CitiMortgage, Inc., 48 A.3d 774, 783 (Me. 2012) (discussing nature of conversion and referencing the Restatement (Second) of Torts § 222A); *see also* Restatement (Second) of Torts § 222A (1965) (defining conversion as "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel").  Mr. Moulton has disavowed any desire for a trial, and neither party has identified any relevant evidence they might offer at trial.  Beyond that, there is no hint of negligence or recklessness, or any allegation sounding in contract in relation to the car.  Under the circumstances, the Court concludes that Ms. Bennett is entitled to a declaration that the portion of the judgment debt and the costs awarded on account of the car is nondischargeable under 11 U.S.C. § 523(a)(6) as a debt arising out of a willful and malicious injury.  In particular, the debt is nondischargeable to the extent of $1,870.00 plus costs of $158.30.  The remainder of

the debt, arising out of Mr. Moulton's apparent failure to reimburse Ms. Bennett for certain payments that she made, was discharged in Mr. Moulton's chapter 7 case.

A separate judgment will issue.

Dated: October 25, 2023

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine